**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN L. RIGBY, | No. 10-35955 |
| Petitioner - Appellant, | D.C. No. 1:09-cv-00309-EJL-REB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted November 1, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Steven Rigby appeals pro se from a judgment of the district court affirming

the Commissioner of Social Security's denial of his applications for disability

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's judgment upholding the denial of social security benefits.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Rigby contends the ALJ improperly discredited his subjective statements concerning the intensity, persistence, and limiting effects of his symptoms before March 23, 2006.  An ALJ's credibility determination must be based on specific findings supported by substantial evidence and clear and convincing reasons.  *Tommasetti*, 533 F.3d at 1039; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).  The ALJ found Rigby's subjective statements inconsistent with his treatment history, clinical findings, reports of  medical sources, and ability to engage in activities, during the relevant time.  These findings were supported by substantial evidence and provide a sufficient basis to conclude that the ALJ did not arbitrarily discredit Rigby.  *See Tommasetti*, 533 F.3d at 1039-40; *Carmickle*, 533 F.3d at 1160-61.

Rigby contends the ALJ improperly discounted the opinion of his treating neurologist, Michael O'Brien, M.D., who said Rigby had been disabled since 1996. An ALJ can reject a treating physician's opinion in favor of conflicting medical opinions, if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ identified conflicting opinions of treating and examining physicians indicating that Rigby retained the capacity to perform activities at the light to medium range of exertion. The ALJ found Dr. O'Brien's opinion unsupported by clinical findings, inconsistent with his own treatment records, and premised significantly on Rigby's unreliable subjective statements. In addition, he found Dr. O'Brien failed to account for Rigby's activities during the relevant time, which appeared to be inconsistent with disability. The ALJ's findings provided a legally adequate basis to discount Dr. O'Brien's opinion. *Thomas*, 278 F.3d at 956-57.

We have considered Rigby's remaining contentions, including that the ALJ failed to fully develop the record, failed to accommodate his demand for a jury trial, and failed to comply with the remand instructions in an administrative order

that preceded the final decision of the Commissioner.  These contentions are not persuasive.

**AFFIRMED.**